IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, | Cr. No.: 7:09-890-TMC |
| v. | **OPINION & ORDER** |
| Cathy Diane Ferguson, | |
| Movant. | |

This matter is before the court on Cathy Diane Ferguson's ("Ferguson's") pro se motion to modify and reduce sentence. (Dkt. # 334). For the reasons below, the court summarily dismisses Ferguson's motion.

On October 21, 2009, Ferguson pled guilty to conspiring to trafficking in false identification documents in violation of 18 U.S.C. § 1028(f) and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). On February 10, 2010, Ferguson was sentenced by United States District Judge Henry F. Floyd to 110 months imprisonment for the trafficking in false identification documents charge and a consecutive 24 months on the two counts of aggravated identity theft for a total sentence of 134 months, followed by three (3) years of supervised release. Judgment was entered on February 25, 2010.

On March 9, 2010, Ferguson filed a direct appeal which was denied on October 26, 2010. Ferguson filed her first § 2255 motion on March 30, 2011, a Fed. R. Civ. P. 60(b) motion on September 15, 2011, and a second § 2255 motion on September 16, 2011.[1] She also filed a motion to vacate based upon default on December 19, 2011, and a motion to set aside her sentence on January 19, 2012. On January 27, 2012, the court denied

---

[1]This matter was reassigned to the undersigned on October 27, 2011.

Ferguson's motions and a certificate of appealability, and granted the Government's summary judgment. Ferguson appealed, and on August 2, 2012, the Fourth Circuit Court of Appeals denied Ferguson a certificate of appealability and dismissed Ferguson's appeal. Ferguson filed her third § 2255 motion on January 28, 2013 (ECF No. 318), and the court dismissed it as successive (ECF No. 322). Ferguson appealed, and on July 25, 2013, the Fourth Circuit Court of Appeals denied Ferguson a certificate of appealability and dismissed Ferguson's appeal. Ferguson filed the instant motion on August 1, 2013. (ECF No. 334).

In her motion, Ferguson seeks a sentence reduction based upon the recent opinion in *Alleyne v.United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). Ferguson also seeks a reduction relying specifically upon 18 U.S.C. § 3582 on the grounds of compelling and extraordinary reasons due to her medical condition, which she lists as follows: "(A) Arthritis, diagnosed while incarcerated, causing great pain in joints; (B) Chronic care, requires lower bunk pass, due to arthritis." (ECF No. 334 at 3).

Pursuant to § 3582, a district court "may not modify a term of imprisonment once it has been imposed" unless (1) the Bureau of Prisons moves for a reduction; (2) the Sentencing Commission amends the applicable Guidelines range; or (3) another statute or Rule 35 of the Federal Rules of Criminal Procedure expressly permits the court to do so. 18 U.S.C.§ 3582(c). Because Ferguson has not set forth any appropriate reason for a sentence reduction under § 3582, and she essentially seeks a sentence correction, the court finds that the matter should be construed as a petition for habeas corpus relief under § 2255.

However, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a prisoner is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of

2

appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). Section 2255 provides:

> (a) second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. §§ 2244, 2253.

As Ferguson has already filed three § 2255 motions, prior to filing another motion under § 2255, she must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing her to file a successive motion. Because Ferguson has not obtained permission to file a successive § 2255 motion from the Fourth Circuit Court of Appeals prior to the filing of this § 2255 motion, this court has no jurisdiction to consider his present motion. *See* 28 U.S.C. § 2255(h). *See also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). Therefore, Ferguson's motion for a sentence reduction (ECF No. 334). is **DISMISSED** for lack of jurisdiction.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Ferguson has failed to make

"a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 22, 2013
Greenville, South Carolina